

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Knox
State Board of Control
Austin, Texas

6.2399

Dear General Knox:

Opinion No. O-2399
Re: Are deficiency or emergency
warrants issued by the
Governor by virtue of Arti-
cle 4351, R.C.S., in the
sum of approximately $25,000
to make repairs and recon-
struction work at Camp Mabry
binding obligations of the
State of Texas? And related
questions.

We acknowledge receipt of your letter of date
May 21, 1940, as follows:

"The Forty-sixth Legislature, Regular
Session, as shown on page 151 of the printed
special laws thereof, under the heading
'Maintenance and Miscellaneous' appropriated
for 'office rent' $11,200.00 for each of the
years of the biennium.

"Plans and specifications have been pre-
pared by the State Board of Control upon re-
quest from the Department of Public Welfare
to have a certain building at Camp Mabry,
Austin, Texas, remodeled, repaired and re-
vamped so as to be placed in a condition for
occupancy by the said Department of Public
Welfare for the remaining portion of this
biennium after the completion of such repairs,
and thereafter.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Article 4351, Revised Civil Statutes, provides for the issuance by the Governor of the State of Texas of deficiency warrants to cover deficiencies or emergencies as therein described.

"Question No. 1. Are deficiency or emergency warrants issued by the Governor by virtue of Article 4351, Revised Civil Statutes, in the sum of approximately $25,000.00 to make such repairs and reconstruction work at Camp Mabry legal and binding obligations of the State of Texas.

"Question No. 2. Assuming that there remains approximately $2500.00 in item 11 'contingent expense' of the appropriation to the Department of Public Welfare and after the expenditure of this sum of approximately $2500.00 by the Department of Public Welfare in making such repairs, improvements, etc., then may the Governor of Texas issue legal and binding deficiency or emergency warrants in the sum of approximately $25,000.00 to supplement such 'contingent expense' appropriation, and would such emergency and deficiency warrants be binding obligations against the State of Texas if so issued?"

In Opinion No. O-2118 we quite recently advised Governor O'Daniel with respect to his authority to grant deficiency appropriations or approve requests for deficiency warrants. The principles announced in that opinion are controlling of the questions propounded by you, and a copy of the opinion is enclosed herewith.

Applying the rules and reasoning announced in Opinion No. O-2118, we answer your questions as follows:

1. A request for a deficiency warrant approved by the Governor, acting within the scope of his powers conferred by Article III, Section 49 of the Constitution, and Articles 4351 and 4351a of Revised Civil Statutes of Texas would create a binding obligation or valid liability of the State of Texas. This, however, is a general statement of an abstract proposition of law.

It does not follow that the act of the Governor in approving the specific request mentioned by you would create such obligation or liability against the State. It would not do so unless the specific request or claim is within the Constitution and statutes authorizing deficiency warrants to supply casual deficiencies of revenue.

Item 1 of the appropriation for Maintenance and Miscellaneous is, as you state, $11,200.00 for each year of the fiscal biennium. There is no suggestion or contention whatsoever that this appropriation is not adequate and altogether sufficient for office rent. There is, therefore, no deficiency of revenues shown with respect to this item. In Opinion No. O-2118 we defined a deficiency as "a shortage or inadequacy in a sum or fund" by which test there is no shortage or inadequacy of the appropriation for office rent. So that, your concrete question No. 1 should be answered "No."

2. Item 11 of the general item of Maintenance and Miscellaneous is $5000.00 for each year. This item might, in a proper case, be supplemented by a deficiency warrant to supply a "casual deficiency in the revenue thus appropriated."

In Opinion No. O-2118 we defined "casual deficiency" as "an unforeseen and unexpected deficiency -- an insufficiency or lack of funds to meet a situation which unexpectedly develops and requires the immediate attention at a time when the Legislature -- the usual authority -- is unable to act." There is no such casual deficiency shown in the situation outlined by you.

Granting that the repairing, revamping or conditioning of a building for occupancy could be within the appropriation for contingencies, this would not authorize a deficiency warrant, unless such deficiency of revenues was due to casualty. The condition of this building, and the consequent need of repairs, conditioning and the like, are not shown to have arisen since the adjournment of the Legislature, and if not of such recent origin, the Legislature had ample means and opportunity of providing for needed repairs, remodeling, and the like, and it has not done so.

Moreover, in no event could a deficiency warrant be authorized or issued except to supply needed revenues until the end of the current fiscal year, or the meeting of the Legislature, whichever occurs first.

So that, your question No. 2 should likewise be answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

Enclosure

APPROVED JUN 20, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

